FOX ROTHSCHILD LLP
Formed in the Commonwealth of Pennsylvania
By: Jeffrey M. Pollock, Esquire
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
(609) 896-3600
Attorney(s) for Plaintiff(s)

C.R. Bard, Inc.,
        Plaintiff,

v.

Lexington Insurance Co.,
        Defendant.

Superior Court Of New Jersey
Law Division
Union County
Docket No. L-1439-07

Civil Action

SUMMONS

From The State of New Jersey
To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*/s/ Donald F. Phelan*
DONALD F. PHELAN
Clerk of the Superior Court

DATED: April 30, 2007

Name of Defendant to Be Served:    Registered Agent, Lexington Insurance Co.

Address of Defendant to Be Served:    c/o Douglas Wheeler, Assistant Commissioner
Legislative & Regulatory Affairs
New Jersey Department of Banking and Insurance
20 West State Street
Trenton, NJ 08625-0325

LV1 478955v1 04/27/07

RECEIVED/FILED
Superior Court of New Jersey

APR 2 3 2007

CIVIL CASE MANAGEMENT
UNION COUNTY

FOX ROTHSCHILD LLP
By:  Jeffrey M. Pollock, Esq.
     Jack L. Kolpen, Esq.
     Thomas A. Cunniff, Esq.
Princeton Pike Corporate Center
997 Lenox Drive, Building
Lawrenceville, NJ 08648-2311
(609) 896-3600
Attorneys for Plaintiff C.R. Bard, Inc.

SUPERIOR COURT OF NEW JERSEY
UNION COUNTY LAW DIVISION
DOCKET NO. UNN-L- UN- 1439-07

| | |
|---|---|
| C.R. BARD, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>LEXINGTON INSURANCE CO.,<br><br>    Defendant. | Civil Action<br><br>COMPLAINT |

## COMPLAINT

Defendant C.R. Bard, Inc. ("Bard"), by way of Complaint against Defendant Lexington Insurance Company ("Lexington"), states as follows:

1. Bard is a New Jersey corporation with its principal place of business in Union County, New Jersey.

WA 822746.1

LV1 474584v2 04/13/07

2. Lexington is an insurer licensed to do business in the State of New Jersey, with an address of 100 Summer Street, Boston, Massachusetts 02110.

3. Lexington issued to Bard policy of insurance number 7412134, in effect from April 1, 2006 to April 1, 2007 (the "Policy").

4. On or about February 21, 2007, Southeast Missouri Hospital sued Bard and other defendants in the United States District Court for the Eastern District of Missouri, in a case captioned Southeast Missouri Hospital v. C.R. Bard, et al., Case No. 1:07-CV-00031 (the "Southeast Missouri Action").

5. Bard promptly notified Lexington of the Southeast Missouri Action. Bard has satisfied all conditions precedent under the Policy.

6. Under the terms of the Policy, Lexington is obligated to defend and indemnify Bard against the claims asserted in the Southeast Missouri Action.

7. To date, Lexington has not agreed to defend and indemnify Bard against the claims asserted in the Southeast Missouri Action.

8. Bard demands that Lexington abide by its obligations to defend and indemnify Bard in the Southeast Missouri Action pursuant to the Policy.

## COUNT ONE
## (DECLARATORY JUDGMENT)

9. Bard incorporates by reference the allegations in the foregoing paragraphs as if fully restated herein.

10. Under the Policy, Bard is entitled to defense and indemnity from Lexington in connection with the claims asserted in the Southeast Missouri Action.

11. Lexington has not defended and indemnified Bard in connection with the claims asserted in the Southeast Missouri Action.

12. Thus, a real, substantial and justiciable controversy exists between and among Bard and Lexington which is subject to resolution by the Court.

WHEREFORE, Bard demands judgment against Lexington and asks the Court to award the following relief:

a. declare that Lexington has a present duty to defend Bard in the Southeast Missouri Action;

b. declare that Lexington has a duty to indemnify Bard for the claims asserted in the Southeast Missouri Action;

c. declare that Lexington has a duty to reimburse Bard for its attorneys' fees at the full rate, expenses, and costs incurred in this action;

d. declare that Lexington is responsible for interest on these amounts from time Bard incurred such fees, expenses, and costs; and

e. provide such other and further relief as this Court deems just.

## COUNT TWO
## (BREACH OF CONTRACT)

13. Bard incorporates by reference the allegations in the foregoing paragraphs as if fully restated herein.

14. Bard and Lexington have a contract, i.e., the Policy.

15. Bard has fully performed its obligations under the Policy.

16. Lexington has breached.

17. As a direct and proximate result of such breaches, Bard has been damaged.

WA 822746.1

LVI 47458-1v2 04/13/07

WHEREFORE, Bard demands judgment against Lexington and asks the Court to award the following relief:

 a. award Bard its compensatory damages as a result of Lexington's breaches; and

 b. provide such other and further relief as this Court deems just.

FOX ROTHSCHILD LLP
Attorneys for Plaintiff C.R. Bard, Inc.

By: _____
JEFFREY M. POLLOCK
JACK L. KOLPEN
THOMAS A. CUNNIFF

DATED: April 13, 2007

WA 822746.1

LV1 474584v2 04/13/07

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding, except for the following actions involving different parties:

<u>Medmarc Casualty Ins. Co. v. C.R. Bard, Inc.</u>, Superior Court of New Jersey, Law Division, Union County, Docket No. UNN-L-2435-05, relates to the relative rights and liabilities between Medmarc Casualty Insurance Company and Bard regarding the Southeast Missouri Action and another action.

<u>C.R. Bard, Inc. v. Liberty Mutual Insurance Co.</u>, Superior Court of New Jersey, Law Division, Union County, Docket No. UNN-L-912-07, relates to the relative rights and liabilities between Liberty Mutual Insurance Company and Bard regarding the Southeast Missouri Action and another action.

Bard is not currently aware of any other parties who should be joined in this action.

By: _____
JEFFREY M. POLLOCK
JACK L. KOLPEN
THOMAS A. CUNNIFF

DATED: April 13, 2007