UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

David N. Cohen (DC4287)
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 376-7700
Attorneys for Defendant
Lexington Insurance Company

*Document Electronically Filed*

C.R. BARD, INC.,

           Plaintiff,

- against -

LEXINGTON INSURANCE COMPANY,

           Defendant.

Civil Action No. 07-CV-2547

**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF DEFENDANT LEXINGTON INSURANCE COMPANY**

Defendant Lexington Insurance Company ("Lexington"), by its attorneys, Edwards Angell Palmer & Dodge, LLP answers the Complaint of Plaintiff C.R. Bard, Inc. ("Plaintiff") as follows:

**Complaint**

1. Lexington denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Lexington admits that it is an insurer licensed to do business in the State of New Jersey. Lexington further states that it is incorporated under the laws of the state of Delaware with a principal place of business in Boston, Massachusetts.

3. Lexington admits that it issued policy number 7412134 ("the Policy") to the Plaintiff. Lexington further states that the Policy speaks for itself and therefore does not respond to the remaining allegations of paragraph 3.

4. Lexington denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. The allegations contained in paragraph 5 contain conclusions of law to which no response is required. To the extent any factual allegations are asserted, Lexington denies such allegations.

6. The allegations contained in paragraph 6 contain conclusions of law to which no response is required. To the extent any factual allegations are asserted, Lexington denies such allegations.

7. Lexington denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 contain conclusions of law to which no response is required. To the extent any factual allegations are asserted, Lexington denies such allegations.

## COUNT I

### (DECLARATORY JUDGEMENT)

9. Lexington incorporates its responses to paragraphs 1-8 as if they were fully stated herein.

10. Lexington denies the allegations contained in paragraph 10.

11. Lexington admits the allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 contain conclusions of law to which no response is required. To the extent any factual allegations are asserted, Lexington denies such allegations.

## COUNT II

### (BREACH OF CONTRACT)

13. Lexington incorporates its response to paragraphs 1 through 12 as if fully set forth at length herein.

14. The allegations contained in paragraph 14 contain conclusions of law to which no response is required.

15. Lexington denies the allegations contained in paragraphs 15-17.

## AFFIRMITIVE DEFENSES

### FIRST

The Complaint fails to allege facts sufficient to state a claim upon which relief can be granted against Lexington.

### SECOND

The claims asserted in the Complaint are barred to the extent the doctrines of waiver, estoppel and/or laches apply.

### THIRD

The claims asserted in the Complaint are barred in whole or in part by the applicable statutes of limitation and repose.

### FOURTH

The claims asserted in the Complaint are barred to the extent the doctrine of unclean hands applies.

### FIFTH

The Court lacks personal jurisdiction over Lexington.

### SIXTH

To the extent that Plaintiff seeks indemnification for losses that have not yet arisen and for amounts not yet paid, Lexington is not obligated to provide coverage.

**SEVENTH**

To the extent the Plaintiff has failed to comply with the terms, conditions or obligations of the Policy, and/or those of the underlying Policy or policies whose terms, conditions and obligations the Policy may incorporate in whole or in part, the claims asserted in the Complaint are barred.

**EIGHTH**

To the extent the Plaintiff has failed to provide Lexington with timely and proper notice of the alleged accident or occurrence giving rise to the underlying claims, as defined in the Complaint, and/or has failed to give Lexington timely and proper notice of the claims instituted against it, the claims asserted in the Complaint are barred.

**NINTH**

To the extent the Policy does not contain an obligation to defend the Plaintiff in any action or proceeding or to indemnify the Plaintiff for defense costs in connection with such a defense, Lexington has no such obligation to so defend or to so indemnify the Plaintiff.

**TENTH**

To the extent the claims asserted in the Complaint do not seek damages because of Bodily Injury, Property Damage or Personal Injury and Advertising Injury caused by an Occurrence, as those terms are defined in the policy, there would be no coverage under the Policy.

**ELEVENTH**

To the extent the Policy or any underlying or other policies whose terms, conditions and exclusions the Policy incorporates, in whole or in part, exclude or reduce coverage based on the

existence of other valid insurance and/or "other insurance" clauses, the amount of coverage, if any, provided in the Policy is reduced in whole or in part.

### TWELFTH

The imposition of liability upon Lexington outside the scope of any alleged coverage afforded by the Policy would result in unjust enrichment.

### THIRTEENTH

To the extent that the Plaintiff or any other party may have voluntarily paid or assumed an obligation to pay or incurred any expense in connection with claims in the underlying action, as defined by the Complaint, without Lexington's consent or approval, there is no coverage under the Policy for such payments or assumed obligations.

### FOURTEENTH

To the extent that the Plaintiff or any other party may have failed to mitigate, minimize or avoid any damages they allegedly sustained, any recovery against Lexington must be reduced accordingly.

### FIFTEENTH

To the extent that the Plaintiff, its agents or representatives misrepresented or failed to disclose or omitted material information in connection with any relevant application for insurance with Lexington, any claims for coverage are barred and the Policy is void *ab initio*.

### SIXTEENTH

Lexington has no obligation under the Policy until the underlying limits of the insureds other Policy and/or any self-insured retentions have been properly exhausted.

### SEVENTEENTH

There is no obligation under the Policy because the liability of the insured has not been determined fully by settlement, award or verdict.

### EIGHTEENTH

To the extent the Policy or any underlying or other policies whose terms, conditions and exclusions the Policy incorporates, in whole or in part, exclude coverage for liability assumed by the insured under any contract or agreement, any of the underlying claims which arise from liability assumed pursuant to such a contract or agreement are barred.

### NINETEENTH

The claims asserted in the Complaint are barred to the extent coverage under the Policy is limited or excluded by any of the terms, conditions, exclusions, definitions, limits of liability and/or retention amounts contained within the Policy, and/or those of the underlying Policy or policies which may be incorporated in whole or in part in the Policy.

### TWENTIETH

Lexington reserves the right to assert any other defenses that become available or apparent during discovery.

**WHEREFORE**, defendant Lexington Insurance Company respectfully requests that this Court:

    a.    Dismiss the Complaint in its entirety;

    b.    Deny each and every demand, claim and prayer for relief contained in the Complaint;

    c.    Award Lexington reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

      d.    Grant such other and further relief as the Court may deem just and proper.

                                          s/David N. Cohen
                                          David N. Cohen (DC4287)
                                          EDWARDS ANGELL PALMER & DODGE LLP
                                          51 John F. Kennedy Parkway
                                          Short Hills, New Jersey 07078
                                          973-376-7700
                                          Fax:  973-376-3380
                                          Email: dcohen@eapdlaw.com
                                          Attorneys for Defendant
                                          Lexington Insurance Company

Dated:  June 20, 2007