**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:  Jeffrey M. Pollock, Esquire
     Jack L. Kolpen, Esquire
     Roseann Bassler Dal Pra, Esquire
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
(609) 896-3600
Attorneys for Plaintiff C.R. Bard, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.R. BARD, INC., | Civil Action No. 2:07-02547 (JAG)(MCA) |
| Plaintiff, | **PLAINTIFF'S PROPOSED DISCOVERY PLAN** |
| v. | |
| LEXINGTON INSURANCE COMPANY, | **CONFERENCE DATE: OCTOBER 16, 2007** |
| Defendant. | **(Electronically Filed)** |

**1.   Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

Plaintiff C.R. Bard, Inc. ("Bard") is a manufacturer of urological catheters. Bard filed a Complaint in this matter seeking indemnification and defense costs from defendant Lexington Insurance Company ("Lexington") in connection with a lawsuit pending in the Eastern District of Missouri entitled *Southeast Missouri Hospital v. C.R. Bard, Inc.*, Case No. 1:07-cv-00031 (the "Southeast Action"). Lexington issued to Bard a commercial excess liability policy, Policy No. 7412134 (the "Lexington Policy"), in effect from April 1, 2006 to April 1, 2007. In its Complaint, Bard seeks a declaratory judgment and asserts a breach of contract claim. In its Answer, Lexington asserts a number of affirmative defenses.

This action and the related matters pending in this Court (also before Judge Greenaway and Magistrate Judge Arleo), entitled *C.R. Bard, Inc. v. Liberty Mutual Insurance Company*, Civil Action No. 07-cv-1895, and in the Superior Court of New Jersey, Union County, Law Division, entitled *Medmarc Casualty Insurance Co. v. C.R. Bard, Inc.*, Docket No. L-2435-05, involve common questions of law and fact. Accordingly, Bard, Liberty Mutual and Medmarc

believe that discovery should be coordinated by consent of the parties and approval of the court. Lexington does not consent to the coordination of discovery.

2.     **Have settlement discussions taken place?** No.

3.     **The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

Bard will serve its Initial Disclosures on the date of the scheduling conference.

4.     **Describe any discovery conducted other than the above disclosures.**

Bard is in possession of documents contained in a Concordance database of approximately 1.9 million images in an action related to the Southeast Action, which was pending in the United States District Court for the Eastern District of Texas, Case No. 504-CV-060 (the "Rochester Action"), and has settled. These documents are subject to a Protective Order entered in the Rochester Action on February 18, 2005 and therefore may not be disclosed to Liberty Mutual absent (a) the consent from Rochester; and (b) the entry of a Protective Order in this action that essentially adopts the one entered in the Rochester Action. Bard has requested Lexington's consent to such a Protective Order in this action. Lexington has not yet indicated whether it will agree to a Protective Order.

Bard has served document requests in the Southeast Action, but has not yet received documents in response to those requests. Bard has produced to Plaintiff in the Southeast Action the documents produced by Bard in the Rochester Action.

5.     **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.** Lexington has indicated that it plans to request permission to file a motion for summary judgment within thirty (30) days of the date of this conference.

6.     **The parties proposed the following:**

(a)    **Discovery is needed on the following subjects:**

Bard will require discovery on Counts I and II of its Complaint including, but not limited to, the following:

1. the drafting history of the Lexington Policy

2. the underwriting files concerning similar claims under policies with identical language, including claims-handling manuals and guidelines connected to the files

3. the regulatory history of the Policy

    4.    negotiations between Lexington on the one hand and Bard and its insurance broker, Marsh USA, Inc. on the other

    5.    discovery concerning the underlying claims in the Southeast Action

(b) **Should discovery be conducted in phases?** No.

(c) **Number of Interrogatories by each party to each other party:** Maximum of twenty-five (25)

(d) **Number of Depositions to be taken by each party:** Maximum of ten (10)

(e) **Plaintiff's expert report due on:** October 15, 2008

(f) **Defendant's expert report due on :** November 30, 2008

(g) **Motions to Amend or to Add Parties to be filed by:** June 4, 2008

(h) **Dispositive motions to be served within 60 days of completion of discovery.**

(i) **Factual discovery to be completed by:** September 1, 2008

(j) **Expert discovery to be completed by:** December 20, 2008

(k) **Set forth any special discovery mechanism or procedure requested, including data preservation orders:**

In the event Lexington requests that Bard produce the documents contained in the Concordance database from the Rochester Action, as mentioned above, the parties must seek the entry of a protective order.

(l) **A pretrial conference may take place on** _____

(m) **Trial by jury or non-jury Trial?** Non-jury trial

(n) **Trial date:** Summer 2009

7. **Do you anticipate any discovery problem(s)?** Yes _X_ No ___ If so, explain. Lexington has indicated that it would oppose any request by Bard for any policy underwriting files, claim files and/or drafting histories related to the Policy or the policies of any other policyholders.

8. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?** Yes_____ No _X_

9. **State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> 201.1 or otherwise), mediation (pursuant to <u>L.Civ. R.</u> 301.1 or otherwise, appointment of a special master or other special procedure. If not explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.)**

Bard would agree to mediation of this dispute. Lexington has indicated that it does not believe mediation or arbitration would be beneficial at this time.

10. **Is this case appropriate for bifurcation?**

Bard believes that the issue of damages for the claims relating to the Southeast Action should be bifurcated.

11. **Bard does not consent to the trial being conducted by a Magistrate Judge.**

                        FOX ROTHSCHILD LLP
                        Attorneys for Plaintiff
                        C.R. Bard, Inc.

By:    s/Jeffrey M. Pollock
        JEFFREY M. POLLOCK
        Princeton Pike Corporate Center
        997 Lenox Drive, Building 3
        Lawrenceville, NJ 08646-2311

Dated: October 12, 2007