EDWARDS ANGELL PALMER & DODGE LLP
By: David N. Cohen
    Christopher W. Healy (admitted *pro hac vice*)
51 John F. Kennedy Parkway
Short Hills, NJ 07078
 (973) 376-7700
Attorneys for Defendant Lexington
Insurance Company

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| C.R. BARD, INC., | : | Civil Action No. 2:07-02547 (JAG/MCA) |
| Plaintiff, | : | **LEXINGTON'S PROPOSED DISCOVERY PLAN** |
| v. | : | |
| LEXINGTON INSURANCE COMPANY, | : | **(Electronically filed)** |
| Defendant. | : | |

**1.    Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

Plaintiff C.R. Bard, Inc. ("Bard") is a manufacturer of urological catheters. In 2004, Rochester Medical Corporation ("Rochester"), which manufactured a competing catheter, filed a complaint against Bard and others in the United States District Court for the Eastern District of Texas (the "Rochester Action"), alleging violations of federal and state antitrust statutes, as well as common law claims of business disparagement, tortious interference with business relationships and conspiracy. Pursuant to a settlement reached between Rochester and Bard, Bard was dismissed from the Rochester Action on January 22, 2007.

Thereafter, and unrelated to the Rochester Action, on February 21, 2007, Southeast Missouri Hospital, which purchased urological catheters from Bard, commenced a class action lawsuit against Bard and others in the United States District Court for the Southeast District of Missouri (the "Southeast Missouri Action"), alleging: (a) Count I - Unreasonable Restraint of Trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; (b) Count II – Monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; and (c) Count III – Exclusive

Dealing in violation of Section 3 of the Clayton Act, 15 U.S.C. § 14. The Complaint was subsequently amended to add additional causes of action for civil conspiracy and violation of Missouri's Unfair Merchandising Practices Act, section 407.020 RSMo.

Bard filed the present action against Lexington Insurance Company ("Lexington") in the Superior Court of New Jersey, Union County, Law Division, on April 13, 2007. Lexington thereafter removed the case to this Court on diversity grounds. In this action, Bard claims that it is entitled to indemnity and defense costs from Lexington in connection with the claims asserted against Bard in the Southeast Missouri Action pursuant to Lexington Insurance Company's commercial excess liability policy, policy number 7412134 (the "Policy"), issued to Bard for the period April 1, 2006 though April 1, 2007. In its Complaint, Bard seeks a declaratory judgment and asserts a breach of contract claim. Lexington's Answer denies the allegations in Bard's complaint and asserts that no coverage is owed under the Policy.

Bard has also sought defense and indemnity in connection with the Southeast Missouri action, as well as the Rochester Action, from its other insurers, Liberty Mutual Insurance Company ("Liberty Mutual") and Medmarc Casualty Insurance Company ("MedMarc"). Those actions are captioned, *C.R. Bard, Inc. v. Liberty Mutual Insurance Co.*, 2:07-01895 (also before Judge Greenaway and Magistrate Judge Arleo) (the "Liberty Mutual Action"), and *Medmarc Casualty Insurance Co. v. C.R. Bard, Inc.*, Docket No. L-2435-05 (the "Medmarc Action"), currently pending in the Superior Court of New Jersey, Union County, Law Division. Significantly, Bard seeks coverage for more than one underlying action in the Liberty Mutual and Medmarc Actions. Furthermore, Lexington intends to file a motion for summary judgment within 30 days, and, accordingly, does not consent to the coordination of discovery at this time.

**2.   Have settlement discussions taken place?** No.

**3.   The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.** The parties will exchange their disclosures at the October 16, 2007 conference.

**4.   Describe any discovery conducted other than the above disclosures.** There has been no formal discovery conducted between the parties to date. Bard has requested Lexington's consent to a Protective Order with respect to documents produced in the Rochester Action. To the extent that discovery becomes necessary and such documents become relevant to this action, which relates solely to the claims asserted in the Southeast Missouri Action, Lexington will consider Bard's request.

**5.   Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.** Lexington is preparing a motion for summary judgment and requests leave of court to file such motion within 30 days of the date of this conference.

**6.   The parties proposed the following:**

**(a)** **Discovery is needed on the following subjects:** In light of Lexington's request for leave to file a motion for summary judgment, Lexington does not believe discovery is necessary. The issue of discovery, therefore, should abide by the Court's decision on Lexington's request for leave to file such motion.

**(b)** **Should discovery be conducted in phases?** No.

**(c)** **Number of Interrogatories by each party to each other party:** Maximum of 25

**(d)** **Number of Depositions to be taken by each party:** Maximum of 10

**(e)** **Plaintiff's expert report due on:**   8/1/2008

**(f)** **Defendant's expert report due on**: 9/1/2008

**(g)** **Motions to Amend or to Add Parties to be filed by**: 1/1/2008

**(h)** **Dispositive motions to be served within 60 days of completion of discovery.**

**(i)** **Factual discovery to be completed by:** 7/25/2008

**(j)** **Expert discovery to be completed by:** 10/15/2008

**(k)** **Set forth any special discovery mechanism or procedure requested, including data preservation orders:**

**(l)** **A pretrial conference may take place on November 1, 2008**

**(m)** **Trial by jury or non-jury Trial?** Non-jury trial

**(n)** **Trial date:** 12/15/2008

**7.** **Do you anticipate any discovery problem(s)? Yes** X **No**      **If so, explain.** Although formal discovery demands have not been received by Lexington, Lexington understands that Bard is seeking discovery of Lexington underwriting files, claim files and drafting histories related to the Policy and the policies of any other policyholders. Lexington will dispute, and request briefing on, any request by Bard for such information.

**8.** **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes**_____ **No**  X

**9.** **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L.Civ. R. 301.1 or otherwise, appointment of a special master or other special procedure. If not explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.)** Lexington

asserts that coverage is not provided to Bard for the underlying claims asserted against Bard in the Southeast Missouri Action.  Accordingly, at this time, Lexington does not believe mediation or arbitration would benefit either party.  If discovery progresses, however, Lexington reserves its right revisit the possibility of mediation or arbitration.

**10.** **Is this case appropriate for bifurcation?**  Not at this time.

**11.** <u>The Parties</u> **do not consent to the trial being conducted by a Magistrate Judge.**

            EDWARDS ANGELL PALMER
            & DODGE LLP
            Attorneys for Defendant
            Lexington Insurance Company

    By: <u>   s/David Cohen              </u>
            David N. Cohen
            51 John F. Kennedy Parkway
            Short Hills, NJ 07078
            (973) 376-7700

Dated:  October 12, 2007

- 5 -

## CERTIFICATION OF SERVICE

I hereby certify that on October 12, 2007, a true copy of the within Proposed Discovery Plan on behalf of Defendant Lexington Insurance Company was filed and served pursuant to the District of New Jersey's ECF Policies and Procedures via ECF filing to the Clerk's Office, U.S. District Court, Newark vicinage, M.L. King, Jr., Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102.

Dated:  October 12, 2007

s/David N. Cohen
David N. Cohen