# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue   New York, NY  10022   212.308.4411   *fax* 212.308.4844   eapdlaw.com

**Christopher W. Healy**
Direct Dial: 212.912.2761
Direct Fax: 888.325.9755
CHealy@eapdlaw.com

November 15, 2007

**VIA ELECTRONIC FILING**

Honorable Joseph A. Greenaway
United States District Court Judge
Martin Luther King Courthouse
50 Walnut Street, Room 2060
Newark, NJ  07101

      Re:   **C.R. Bard, Inc. v. Lexington Insurance Company**
              Civil Action No.  2:07-cv-02547

Honorable Judge Greenaway:

This letter is submitted in furtherance of Lexington Insurance Company's ("Lexington") November 7, 2007 letter to Your Honor respectfully requesting leave to file a motion for summary judgment and a temporary stay of discovery until such motion is decided.

In moving for summary judgment, Lexington seeks a determination from this Court that Lexington is not obligated to defend C.R. Bard, Inc. ("Bard") relative to the underlying antitrust case. Consistent with all relevant legal authority, an insurer is obligated to provide a defense when the allegations asserted in an underlying complaint potentially trigger coverage. In this regard, an insurer's defense obligation is based upon a review of the allegations asserted in the underlying complaint in relation to the terms and provisions of coverage set forth in the relevant policy. No discovery is necessary or relevant in order for this Court to make such a determination with respect to this case. Contrary to the claims set forth in Bard's November 9, 2007 letter, no amount of discovery will alter the fact that Lexington has no duty to defend Bard in the underlying antitrust action. The terms of Lexington's Commercial Excess Liability Policy (the "Policy") are plain and unambiguous on their face. The arguments raised in Bard's November 9th letter to this Court are nothing more than an attempt to distort the clear dictates of the Policy. Bard's asserted need for discovery is a distraction intended only to delay the ultimate conclusion that, as a matter of law, no coverage exists with respect to the underlying antitrust claims.

To the extent the Court wishes to discuss this matter further or is willing to hear from counsel, Lexington would welcome the opportunity to participate in a brief telephone conference with Your Honor and Bard's counsel. Lexington's counsel is available at the Court's convenience.

NYC 286653.1

# EDWARDS ANGELL PALMER & DODGE LLP

November 15, 2007
Page 2


Thank you for your time and consideration.

Respectfully yours,

Christopher W. Healy


cc:   Magistrate Justice Madeline Arleo (via facsimile 973.297.4906)
      Jeffrey M. Pollock, Attorney for Plaintiff, C.R. Bard, Inc. (via electronic filing, facsimile and express mail)
      Jack Kolpen, Attorney for Plaintiff, C.R. Bard, Inc. (via electronic filing, facsimile and express mail)
      David N. Cohen, Attorney for Defendant, Lexington Insurance Company (via electronic filing)

NYC 286653.1