**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:     Jeffrey M. Pollock, Esquire
          Jack L. Kolpen, Esq.
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
(609) 896-3600
Attorneys for Plaintiff C.R. Bard, Inc.

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.R. BARD, INC., | : Civil Action No. 2:07-2547(JAG) (MCA) |
| Plaintiff, | : |
| | : |
| v. | : |
| LEXINGTON INSURANCE COMPANY, | : |
| Defendant. | : |

## DISCOVERY CONFIDENTIALITY ORDER ON CONSENT

This matter having come before the Court upon joint application by the Parties for a Discovery Confidentiality Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3; and the Court having considered the Affidavit in Support of Discovery Confidentiality Order; and the Court having found that the requirements of Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3 have been satisfied; and it appearing that certain documents and other information to be produced in discovery herein contain confidential, trade secret or proprietary business information; and the Court having determined that entry of the within Order is appropriate in this matter to prevent unwarranted use or disclosure of confidential or proprietary information; and for good cause shown,

It is on this _____17_____ day of _____April_____, 2008,

ORDERED as follows:

1.      The Parties' joint application for an Order pursuant to Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3 is hereby GRANTED in the form and substance set forth below.

2.      This Order shall govern all documents produced during the course of discovery or pre-trial procedures, by any Party to this action.

3.      This action (the "Lexington Action") addresses, *inter alia*, claims by plaintiff C.R. Bard, Inc. ("Bard") that it is entitled to defense costs and indemnity from defendant Lexington Insurance Company ("Lexington") in connection with a suit filed against Bard, captioned <u>Southeast Missouri Hospital v. C.R. Bard, Inc., et al.</u>, Case No. 1:07-cv-00031 (E.D. Mo.) (the "Southeast Missouri Action").

4.      The Parties acknowledge that certain documents were previously produced by Bard and other persons or entities pursuant to a Protective Order entered on February 18, 2005 in <u>Rochester Medical Corp., Inc. v. C.R. Bard, Inc., et al.</u>; Case No. 5:04-cv-00060 (E.D. Tex.) (the "Rochester Protective Order"). The Parties agree that they will abide by the provisions of the Rochester Protective Order (attached as Exhibit A) as to all documents produced by any parties or entities pursuant to the Rochester Protective Order.  The classification of documents as "CONFIDENTIAL," "FOR ATTORNEY'S EYES ONLY," and "FOR OUTSIDE COUNSEL ONLY," made pursuant to the Rochester Protective Order for documents produced under the Rochester Protective Order shall be fully and completely effective under this Order.  Furthermore, the Parties shall not challenge any such classification of documents.  Any documents that were produced under the Rochester Protective Order, regardless of their classification, that are produced in this litigation shall be used only in this litigation and only for the purposes of this litigation.

NY/518949v1

5.     All documents produced during the Lexington Action, other than the documents that are subject to the Rochester Protective Order, shall be handled according to the provisions of paragraphs 6 through 26 herein.

6.     All documents, interrogatory answers, admissions or other discovery materials produced or obtained as a result of discovery in the Lexington Action (including deposition transcript pages as designated pursuant to paragraph 14 herein, and including discovery obtained from third parties, but not including documents subject to the Rochester Protective Order) containing, comprising or referring or relating to confidential facts, matters, data, and information, shall be considered CONFIDENTIAL INFORMATION, subject to this Order if designated by the producing Party as "Confidential". The producing Party may designate material as "Confidential" by placing the notation "confidential" on every page of each document so designated, by designating the material as "confidential" in a cover letter transmitted with the enclosed documents, or by placing the notation "confidential" on the outside of the medium or its container for a document in a non-paper medium.  If part of a document contains confidential information, the entire document may be so designated.

7.     In the event that a Party does not designate as CONFIDENTIAL INFORMATION any Documents or portions thereof at the time such Documents or portions thereof are disclosed, produced, transcribed or filed, the Party has not waived its right to later designate said Documents or portions thereof as CONFIDENTIAL INFORMATION, provided that such Party notifies all other Parties that such Documents or portions thereof should have been designated as CONFIDENTIAL INFORMATION.

8.     In the event, at any stage of the proceedings, any Party to this action disagrees with the designation of any information as CONFIDENTIAL INFORMATION, the Parties shall first try

to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the Party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct an *in camera* inspection of the challenged materials. The Party challenging the confidentiality of the information shall have the burden of establishing that the information is not entitled to confidential treatment.

9.    In the event any third party disagrees with the designation of any information as CONFIDENTIAL INFORMATION, the third party and the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the third party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct an *in camera* inspection of the challenged materials. The third party challenging the confidentiality of the information shall have the burden of establishing that the information is not entitled to confidential treatment.

10.    The Parties to this Order shall not disseminate or disclose information or material designated "Confidential" except as set forth herein. Disclosure of CONFIDENTIAL INFORMATION shall be limited to the Parties, Counsel for the Parties, Counsel's investigators and legal and clerical assistants, and those persons described in paragraph 11 below who are necessary to the prosecution or defense of this action.

11.    CONFIDENTIAL INFORMATION shall not be used or disclosed for any purpose whatsoever, whether for profit or otherwise, other than for the purpose of litigating the Lexington Action or any appeals therefrom, and may be disclosed by the Party receiving them only to the following:

> a.  Counsel, including in-house counsel, to the Parties to the Lexington Action and any employees and agents working under Counsel's direction on the Lexington Action;

to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the Party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct an *in camera* inspection of the challenged materials. The Party challenging the confidentiality of the information shall have the burden of establishing that the information is not entitled to confidential treatment.

9.      In the event any third party disagrees with the designation of any information as CONFIDENTIAL INFORMATION, the third party and the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the third party opposing the confidentiality designation may apply for appropriate relief to this Court, which will be permitted to conduct an *in camera* inspection of the challenged materials. The third party challenging the confidentiality of the information shall have the burden of establishing that the information is not entitled to confidential treatment.

10.      The Parties to this Order shall not disseminate or disclose information or material designated "Confidential" except as set forth herein.    Disclosure of CONFIDENTIAL INFORMATION shall be limited to the Parties, Counsel for the Parties, Counsel's investigators and legal and clerical assistants, and those persons described in paragraph 11 below who are necessary to the prosecution or defense of this action.

11.      CONFIDENTIAL INFORMATION shall not be used or disclosed for any purpose whatsoever, whether for profit or otherwise, other than for the purpose of litigating the Lexington Action or any appeals therefrom, and may be disclosed by the Party receiving them only to the following:

> a.  Counsel, including in-house counsel, to the Parties to the Lexington Action and any employees and agents working under Counsel's direction on the Lexington Action;

b.  The Parties to the Lexington Action, including their respective officers, directors or employees, and the Parties' auditors, financial advisors, insurer and/or reinsurers, but only to the extent required in connection with the Lexington Action;

c.  Insurers, reinsurers, retrocessionaires, government regulators, and/or auditors to whom the Parties have a regulatory, statutory or contractual obligation to transmit or report information concerning the Lexington Action;

d.  The Court, court personnel and the jury in this action;

e.  Court reporters and their assistants and clerical employees retained by any Party to record and/or transcribe testimony given in connection with the Lexington Action to the extent disclosure is necessary to enable such reporters to perform their recording and/or transcribing functions;

f.  Any expert, investigator, or consultant (including his or her employees or agents) retained in good faith by a Party for the purpose of analyzing data, conducting studies or investigations, or providing advice or opinions to assist in this action, provided that such persons agree to be bound by the provisions of this Order and have executed the Understanding and Agreement in the form annexed hereto at Exhibit B, and then only to the extent necessary in connection with the Lexington Action;

g.  Witnesses at deposition or trial, and the witnesses' counsel, if a Party or its counsel has a good faith belief that the CONFIDENTIAL INFORMATION is reasonably necessary and related to the witnesses' anticipated testimony, provided that such persons agree to be bound by the provisions of this Order and have executed the Understanding and Agreement in the form annexed hereto at Exhibit B, and then only to the extent necessary in connection with the Lexington Action.  However, witnesses are not required to sign the Understanding and Agreement where:

(i) the witness is or was employed by, or testifies on behalf of, the Party or entity that produced the CONFIDENTIAL INFORMATION and the CONFIDENTIAL INFORMATION is reasonably necessary and related to the witnesses' anticipated testimony; or

(ii) the witness, or the employer (past or present) of the witness, was the author, transmitter or recipient of the CONFIDENTIAL INFORMATION; or

(iii) a reference is made in the CONFIDENTIAL INFORMATION to the witness or to a Party or entity that employed the witness at the time the CONFIDENTIAL INFORMATION was prepared; or

(iv) the CONFIDENTIAL INFORMATION refers to an event the witness attended or it is reasonable to believe that the deponent attended or there is a

reasonable basis to believe that the introduction of the CONFIDENTIAL INFORMATION would lead to relevant information;

h.   Personnel of reproduction (including information technology) services engaged by counsel for a Party to the Lexington Action to make copies of Documents and/or provide technical assistance for the management of Documents, provided that such reproduction service has in place commercially reasonable confidentiality policies that, at a minimum, forbid personnel from disclosing, without authorization, information with respect to which they perform reproduction and/or document management services.

12.   Each person, excluding counsel of record, the Court, court personnel, and the jury, who is given access to CONFIDENTIAL INFORMATION pursuant to Paragraph 11, shall be advised that (i) the CONFIDENTIAL INFORMATION is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof, and (ii) the violation of the terms of the Protective Order may constitute contempt of Court.

13.   At trial, CONFIDENTIAL INFORMATION may be used in accordance with the Federal Rules of Evidence, but the Parties shall exercise all reasonable care not to disclose such information needlessly and the Parties reserve the right to request an appropriate order of the Court to maintain the confidentiality of the information at trial.

14.   Deposition testimony by any Party to this case or any employee or agent of a Party to this case containing or reflecting CONFIDENTIAL INFORMATION is to be governed by the terms of this Order. All deposition testimony shall be deemed confidential for a period of 60 days after counsel's receipt of a copy of the transcript. The Parties shall identify those portions, if any, of the deposition which are to remain confidential within sixty (60) days of receipt of the transcript. If another Party wishes to challenge the confidentiality designation, the challenging Party shall, within sixty (60) days or receipt of the confidentiality designation, identify those designated portions of the deposition that it believes should not remain confidential. Resolution of any such dispute regarding confidentiality shall be governed by the provisions of paragraphs 8 and 9 above.

15.     All originals and copies of the CONFIDENTIAL INFORMATION, together with any extracts or summaries thereof, shall be returned to the producing Party, or destroyed within one hundred and twenty (120) days of the final disposition of this litigation, whether by dismissal, settlement, judgment or appeal, and any notes or other records regarding the CONFIDENTIAL INFORMATION shall be destroyed.

16.     The Parties shall have an additional extension of one hundred and twenty (120) days for good cause shown to return or destroy all originals and all reproductions of any CONFIDENTIAL INFORMATION. If destroyed, Counsel destroying such Documents shall certify to Counsel for the producing Party that the CONFIDENTIAL INFORMATION was destroyed and the manner of destruction. If a Party requests that any CONFIDENTIAL INFORMATION that it produced be returned or destroyed, that Party shall maintain all CONFIDENTIAL INFORMATION and shall, after reasonable notice from another Party, make the CONFIDENTIAL INFORMATION available for inspection and review to any Party's reinsurer and retrocessionaire subject to the terms of this Order.  Insofar as the provisions of this Order restrict communication and use of the CONFIDENTIAL INFORMATION produced hereunder, such Order shall continue to be binding after the conclusion of the Lexington Action and any appeals therefrom.

17.     Counsel and the Parties may retain in their litigation files all Documents containing information derived from any Documents designated as CONFIDENTIAL INFORMATION (such as deposition transcripts and answers to interrogatories), but Counsel and the Parties shall not, without written permission of the Party who designated such Documents as CONFIDENTIAL INFORMATION or order of the Court, disclose any Documents containing information derived from any CONFIDENTIAL INFORMATION in its files to any other person or entity except those entities set forth in Paragraph 11.

18.   CONFIDENTIAL INFORMATION (including discovery produced under the Rochester Protective Order) may be filed with the Court, or included in whole or in part in pleadings, motions, or briefs, only if submitted under seal. Such filings shall be submitted pursuant to Fed. R. Civ. P. 26(c)(8) in sealed envelopes, each of which shall bear the case number of this action and a statement substantially in the following form: "This envelope contains documents protected from disclosure under a Discovery Confidential Order entered by the Court. It shall not be opened or released from the custody of the Clerk of the Court except by Order of the Court."

19.   Nothing in this Order shall restrict a Party from disclosing CONFIDENTIAL INFORMATION that such Party has designated as CONFIDENTIAL INFORMATION to any person or entity. Such disclosure, however, shall not constitute a waiver of the CONFIDENTIAL INFORMATION treatment accorded to such Documents or information contained therein under this Order unless the disclosing Party states in writing that its intention is that such disclosure shall constitute a waiver of the CONFIDENTIAL INFORMATION designation.

20.   The execution of this Order shall not be construed as an agreement by any Party to produce or supply any information, as a waiver by any Party of its right to object to any discovery sought by any other Party or as a waiver of any privilege. Production, receipt, or designation of information pursuant to this Order as CONFIDENTIAL INFORMATION shall not be construed as a concession by any Party that such information is relevant or material to any other issue in this case.

21.   The Parties acknowledge that any unauthorized use or disclosure of CONFIDENTIAL INFORMATION is a violation of this Order. The Parties acknowledge that, in the event of such breach or threatened breach, the injured Party shall be entitled to immediate injunctive relief without the necessity of posting a bond, together with any other remedies to which

the injured Party is entitled, including, but not limited to, attorneys' fees, punitive damages and appropriate sanction imposed by the Court.

22.     In the event that CONFIDENTIAL INFORMATION  is subpoenaed or sought pursuant to any form of mandatory process by a person or entity who is not a signatory to this Order, it shall be the responsibility of the Party receiving such subpoena or other process, promptly upon receipt thereof, to notify counsel of record herein who produced such material of such subpoena or other process in writing, and to make available to counsel for any Party a copy of such subpoena or other process so that counsel may timely seek a protective order or other means of protecting the confidentiality of the information sought to be compelled. No Party receiving such a subpoena or process shall furnish copies of CONFIDENTIAL INFORMATION to, or permit inspection thereof by, the person seeking the CONFIDENTIAL INFORMATION by subpoena or process, except pursuant to the consent of the original producing Party or an order of a Court of competent jurisdiction.

23.     The entry of this Order shall be without prejudice to the rights to the Parties to apply for additional or different protection where it is deemed necessary, or to seek whatever relief is available to them under the Federal Rules of Civil Procedure or under other applicable laws or rules.

24.     This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court or until such time as the Parties may petition the Court to modify or amend its terms.

25.     Nothing in this Protective Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.  If after producing a document or information, the producing Party discovers that certain material was properly subject to protection under the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege, the producing Party shall provide written notice to the receiving Party and may seek the return of the material in accordance with applicable law.

26.     The prohibitions of this Order which restrict the disclosure and use of CONFIDENTIAL INFORMATION shall continue to be binding upon all Parties after the conclusion of the Lexington Action and any appeals therefrom.

 

 

MADELINE COX ARLEO
United States Magistrate Judge

NY/518949v1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

05 FEB 18 PH 1:32

TEXAS-EASTERN

BY_____

| | |
|---|---|
| ROCHESTER MEDICAL CORPORATION, INC., §§§§ | |
| Plaintiff § | Civil Action No. 504CV060 |
| vs. §§ | |
| C.R. BARD, INC.; TYCO INTERNATIONAL (US) INC.; TYCO HEALTHCARE GROUP, L.P.; NOVATION, LLC; VHA, INC.; PREMIER, INC.; and PREMIER PURCHASING PARTNERS §§§§§§§ | |
| Defendants. § | |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and upon the joint motion of Plaintiff and Defendants C.R. Bard, Inc., Tyco International (US) Inc., Tyco Healthcare Group, L.P., Novation, LLC, VHA, Inc., Premier, Inc., and Premier Purchasing Partners (collectively "Defendants") this Court, having been duly advised, finds that there is good cause for the entry of this Order and, hereby ORDERS:

### I.
### Designation of Confidential Information

A.      The Plaintiff, any of the Defendants and any third party who objects to making discovery except pursuant to a Protective Order shall have the right to designate as CONFIDENTIAL any document or other information relevant to this litigation, including without limitation answers to interrogatories, responses to requests for admissions, and any portion of deposition testimony or other testimony by any witness, which contains or discloses (i) such party's or such person's confidential business information, trade secrets or sensitive

1

proprietary commercial, financial, or research information which has not been released into the public domain, or (ii) any patient names and residence addresses.  At the option of a party or witness who is producing or disclosing CONFIDENTIAL information described above in subparagraph (ii), any such patient information may be redacted, provided that a patient number or other data is available sufficient to identify the information described in subparagraph (ii) above, failing which a code number may be furnished by the party or other person redacting such information.

In addition, if a party believes in good faith that any document or other information to be produced has heightened commercial sensitivity, the disclosing party may add a stamped designation "FOR ATTORNEYS' EYES ONLY" thereby limiting the disclosure and dissemination of that information as provided for by this Order.

Designation of documents and information as "FOR OUTSIDE COUNSEL ONLY" shall be limited to only documents and information, the disclosure of which would reasonably harm a party's competitive position in the marketplace, that a party in good faith believes constitutes, contains, or reflects (1) highly sensitive trade secret or proprietary information; or (2) highly sensitive competitive information which the producing party reasonably believes would not be adequately protected under the procedures set forth herein for documents and information designated as CONFIDENTIAL or FOR ATTORNEYS' EYES ONLY.  Such information may include, but is not limited to:  current or future business plans; sales or marketing strategies; confidential product pricing; product development plans; manufacturing and production strategies and processes; cost of manufacture: profit information; confidential sales data; competitive and market analyses; comparative product analyses; proprietary information concerning customers, vendors, and suppliers; employee information; research and development

2

data; scientific data; clinical data; government reporting data; patent, licensing, and technology data; and any other highly sensitive commercial information.

      B.    All documents or other information which a party or third party claims is CONFIDENTIAL, FOR ATTORNEYS' EYES ONLY, or FOR OUTSIDE COUNSEL ONLY and subject to the terms of this Order must be designated as such by conspicuously stamping the word(s) "CONFIDENTIAL," "FOR ATTORNEYS' EYES ONLY," or "FOR OUTSIDE COUNSEL ONLY" on each page (except that in the case of a multi-page document in which the pages are consecutively numbered, only the first page need be so stamped) or, in the case of other information, by notifying the other parties in writing. Confidential, For Attorneys' Eyes Only, and For Outside Counsel Only information and/or testimony disclosed at a deposition shall be designated as such on the record or by a letter to all counsel of record within 30 days of receiving the transcript. The Parties shall treat such deposition material and/or testimony as For Outside Counsel Only until the 30-day period elapses.

## II.
## Restrictions on Use of Confidential, Attorney Eyes' Only, and For Outside Counsel Only Documents and Information

      1.    Documents and information designated as CONFIDENTIAL shall not be disclosed or disseminated to anyone, except:

      A.    The undersigned counsel for any party and the regular employees of outside counsel to whom it is necessary that the information be disclosed for purposes of this litigation, and in-house counsel and current employees of the parties who are in fact assisting in the prosecution or defense of this case and their secretaries, clerks and legal assistants. The parties shall each identify a maximum of three (3) in-house counsel and three (3) current employees who shall be entitled to receive such information solely for use in the prosecution or defense of

this case.  Because Plaintiff does not employ any in-house attorneys, the parties agree that Plaintiff may designate no more than six of its employees who are assisting in the prosecution or defense of this case as eligible to receive Confidential documents.  The person(s) designated by the parties under this paragraph shall not disclose Confidential documents to any person not otherwise entitled to access to such materials under this Order.

B.     Any expert or consultant engaged by a party for the purpose of assisting in the preparation of this litigation; provided, however, that no CONFIDENTIAL information shall be disclosed or disseminated to any expert or consultant who is an employee of, or is an officer, a director, or a shareholder of a direct business competitor of any party in the manufacture and sale of urinary catheter products.  Competitors includes all manufacturers and distributors of urinary catheter products;

C.     Any person who was involved in the preparation of the document or information or who received a copy or disclosure thereof prior to March 16, 2004;

D.     The Court, the jury and court personnel, court reporters and persons engaged to make copies; provided that prior to filing any CONFIDENTIAL information, the party attempting to file such information must comply with the provisions set out in Paragraph III(D) below;

E.     Any other person, entity, or firm with the prior written consent of the party who designates the material as CONFIDENTIAL; and

F.     Any deponent (solely for purposes of his/her deposition or preparation for that deposition) if such information is reasonably likely to be relevant to the deposition, but only after complying with the provisions of Paragraph III(B) below.

information produced by another party or third party may be disclosed to any deponent in preparation for his/her deposition or during his/her deposition if such information is reasonably likely to be relevant to the deposition so long as the disclosing party (i) ensures that the deponent does not maintain in his/her possession copies of any For Outside Counsel Only documents or information; and (ii) ensures that the deponent does not make any notes concerning the substance of any For Outside Counsel Only documents and information disclosed to them.

4.      Notwithstanding any of the above, documents and information protected by this Order may be disclosed to the extent necessary to comply with law, with a valid subpoena, or the valid order of a court of competent jurisdiction, in which event the disclosing party shall (i) notify the other parties as promptly as possible in advance of any such disclosure so as to allow all parties the opportunity to seek appropriate protection, and (ii) seek confidential treatment of such information by notifying the persons to whom disclosure is made of the fact of this Order and of the parties' desire that such documents and information be treated as confidential.

## III.
### General Provisions

A.      If, prior to the date of this Protective Order, any party shall have already produced documents and information or delivered documents and information to a copying service in preparation for their production, the other parties receiving copies of such documents and information shall treat that material as if it had been designated as For Outside Counsel Only until ten days after the entry of this Order.  During those ten days, counsel for the party producing those documents may in writing designate those documents and information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "FOR OUTSIDE COUNSEL ONLY" pursuant to this Order, in which event counsel for the party receiving such copies shall be responsible for adding the appropriate stamped designation at their own expense and such

6

documents and information may only be thereafter disclosed as provided for by the terms of this Order.

B.     Each person to whom CONFIDENTIAL, ATTORNEY EYES' ONLY, or FOR OUTSIDE COUNSEL ONLY information will be disseminated (other than the attorneys for the parties and the attorney's employees, the Court, the jury, court personnel, and the court reporter) will be required, prior to any dissemination, to receive and read a copy of this Order and to agree, in writing, to be bound by the terms of this Order and to be personally subject to the jurisdiction of this Court for the purpose of enforcement hereof. Counsel for any party receiving CONFIDENTIAL, ATTORNEY EYES' ONLY, or FOR OUTSIDE COUNSEL ONLY documents and information and disseminating such shall maintain a list of all such persons along with the written agreement of each person to that effect, and shall provide copies of such written agreements to the Court for *in camera* inspection if any party files a motion to enforce this Agreed Protective Order suggesting that any part of this Order may have been violated.

C.     Notwithstanding the foregoing, counsel for any party receiving CONFIDENTIAL, ATTORNEY EYES' ONLY, or FOR OUTSIDE COUNSEL ONLY documents and information shall not be required by this Protective Order to disclose to any other party the identity of any consultants, nor shall counsel be required to produce any written agreements signed by said consultants. Upon written request by Plaintiff or Defendants, the requested party shall submit to the Court, *in camera*, a list of all consultants to whom the requested party has disclosed confidential information subject to this Order. The requested party shall provide the Court with: (1) the consultant's full name; (2) the name of the consultant's employer and his or her work address; (3) the signed written agreement required by Paragraph III(B) above; and (4) any other information requested by the Court. After receiving and

7

reviewing this information, the Court shall then verify that the requested party has not disclosed CONFIDENTIAL, ATTORNEY EYES' ONLY, or FOR OUTSIDE COUNSEL ONLY information to anyone who is employed by, or who is an officer, director or shareholder of a direct business competitor of any party in the production and sale of urinary catheter products (as prohibited by Paragraph II(B) above).

D.      The parties agree to file with the Court any documents or other information identified as CONFIDENTIAL, ATTORNEY EYES' ONLY, or FOR OUTSIDE COUNSEL ONLY under this Protective Order only "Under Seal," to the extent allowed by the Court.

E.      If an objection to a designation of material as CONFIDENTIAL, ATTORNEY EYES' ONLY, or FOR OUTSIDE COUNSEL ONLY is made, counsel for the objecting party shall set forth its objection in writing to counsel for the designating party and, hereafter, such counsel and designating party shall meet and confer within five business days in a good faith effort to resolve their differences.  Failing resolution, the objecting party may, as soon as practicable after the meeting and conference, file a motion to remove the CONFIDENTIAL, ATTORNEY EYES' ONLY, or FOR OUTSIDE COUNSEL ONLY designation.  Pending resolution of the motion, the information in controversy shall be treated as if it bears the confidential classification designation sought by the designating party, except as required by the Court and agreed upon in writing by the parties.  This paragraph in no way changes the burden of proof on the parties under existing case law with respect to confidentiality of documents.

F.      Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds which would otherwise be available.  Entry of this Order shall not, in and of itself prejudice any contention of any party upon any motion, nor shall this Order and any consent hereto constitute waiver of any right to seek relief from the Court from

8

any and all of the provisions hereof or other modifications of the term hereof. This Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

G.    The production of documents or information subject to the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of that privilege for the document or its subject matter. Upon notice of such production from the producing party, the receiving parties shall return the document or information and all copies thereof to the producing party. Nothing in this section shall limit or restrict the right of the receiving parties to challenge the privilege designation of the produced document or information.

H.    In the event of an inadvertent disclosure of another party's CONFIDENTIAL, ATTORNEY EYES' ONLY, or FOR OUTSIDE COUNSEL ONLY documents or information, as defined in this Order, the party making the inadvertent disclosure shall upon learning of the disclosure: (i) promptly notify the person to whom the disclosure was made that it contains information subject to this Order; (ii) promptly make all reasonable efforts to obtain the return of and preclude dissemination or use of the information by the person to whom disclosure was inadvertently made; and (iii) promptly notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

### IV.
### Use of and Return of Confidential Information

Documents and information protected by this Order shall be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose.

9

Within thirty (30) days of the close of this litigation, for any reason, each party shall be required to use best efforts to retrieve all copies of confidential materials from their own files, and from experts or other persons to whom they have been provided consistent with this Order, and to return to the opposing party all documents or other materials and copies thereof produced during discovery in this action, provided that in lieu of returning the same, counsel may certify that all such materials and all copies thereof have been destroyed. All information protected by this Order which has been placed in any computer data bank shall be completely erased, and any documents listing or summarizing information protected by this Order shall be destroyed within the same period. Each party shall provide the opposing party a letter certifying that he, she or it has complied with this paragraph.

SIGNED this ___18th___ day of _____Feb.____, 2005.

By: _____
             PRESIDING JUDGE

10

EXHIBIT B

**UNDERSTANDING AND AGREEMENT CONCERNING THE DISCOVERY
CONFIDENTIALITY ORDER**

I, the undersigned, have received and read a copy of the Confidentiality Order with respect to the action captioned *C.R. Bard v. Lexington Insurance Company*, Civil Action No. 2:07-02547 (JAG) (MCA), in the United States District Court, District of New Jersey.  I hereby agree to be bound by the terms of the Confidentiality Order.

Dated: _____

_____
[Signature]

_____
[Print name]

_____
_____
_____
[Address]

NY/518949v1