Jack L. Kolpen
Direct Dial:  (609) 895-3304
Internet Address:  jkolpen@foxrothschild.com

January 8, 2010

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey                                              **(Filed Electronically)**
Martin Luther King Building &
U.S. Courthouse, 50 Walnut Street
Newark, NJ  07101

        Re:    <u>C.R. Bard, Inc. v. Lexington Insurance</u>
               <u>Civil Action No.  07-2547 (JAG)</u>

Dear Magistrate Judge Arleo:

      We represent C.R. Bard, Inc. ("Bard") in the above insurance coverage action against Lexington Insurance Co. ("Lexington").  Pursuant to Your Honor's Text Order dated December 15, 2009, the following is a status update in advance of the status conference – now scheduled for January 26, 2010.

      By way of background, this matter was administratively dismissed by Order dated October 23, 2008, and was reactivated by Order dated October 19, 2009.  In this action, Bard seeks indemnification and reimbursement for defense costs, under the terms of an insurance policy, incurred in defending an underlying class action.  In the class action, the St. Francis plaintiffs allege they were damaged because, among other things, Bard disparaged Rochester Medical Corporation and its catheter products.  Before this case was reactivated, Bard was granted summary judgment in the St. Francis underlying action, and the St. Francis plaintiffs have filed an appeal.  Though the underlying case is dismissed, Bard is entitled to defense costs, and indemnification from Lexington if

LV1 1147146v3 01/08/10

Hon. Madeline Cox Arleo, U.S.M.J.
January 8, 2010
Page 2

summary judgment is reversed. As set forth below, Bard also intends to amend its complaint to assert claims under a different policy for defense costs and indemnification incurred in a related action filed by Rochester Medical Corporation against Bard.

Prior to the administrative dismissal, the parties had served and responded to discovery. However, there were discovery issues outstanding before the dismissal and additional discovery issues that now need to be addressed.

### 1. Protective Order Issues.

The parties need to amend the Discovery Confidentiality Order on Consent dated April 17, 2008 entered in this matter. In its discovery, Lexington seeks third party materials covered by protective orders in the St. Francis class action, and also in C.R. Bard, Inc. v. Liberty Mutual Insurance Company, Civil Action No. 07-CV-1895 (also pending before Your Honor)and Medmarc Casualty Insurance Company v. C.R. Bard, Inc., Docket No. UNN-L-2435-05. Liberty Insurance Company provided its consent yesterday. Bard has asked Medmarc and St. Francis for consent, but they have yet to respond. Assuming St. Francis and Medmarc consent, Bard and Lexington will submit an amended protective order in this action. Once the amended protective order is entered, Bard will supplement its discovery responses and produce additional discovery.

### 2. Order under Fed. Evid. Rule 502(d).

The parties need a protective order under Fed. Evid. Rule 502(d), just as the Order entered by Your Honor in the Liberty Mutual case. Lexington seeks legal bills incurred by Bard in defending the underlying St. Francis action. Bard has agreed to produce the bills on the precondition that the Court enter an order under Fed. Evid. Rule 502(d). The bills contain information covered by the work product and attorney/client privilege doctrines, and such an order will preserve these protections vis-à-vis third parties.

### 3. Amended Complaint.

Bard needs permission to file a motion for leave to file an amended complaint. Bard intends to file an amended complaint seeking indemnification and defense costs from Lexington under a Lexington insurance policy in effect when Rochester Medical Corporation sued Bard in 2004. Bard had provided Lexington with a draft amended

Hon. Madeline Cox Arleo, U.S.M.J.
January 8, 2010
Page 3


pleading and has asked for its consent for Bard to file it.  As of the writing of this letter, Lexington's attorneys have responded that they do not have authority at this time to consent.  Accordingly, Bard seeks permission to file a motion for leave to amend the Complaint.

    **4.**    **Other discovery issues.**

Other than those already identified, there are a handfull of outstanding discovery issues relating to written discovery served prior to the administrative dismissal.  Bard has asked Lexington for clarification on certain of these issues and is hopeful it will be able to resolve the issues without the Court's intervention.  Bard will also serve supplemental discovery relating to its amended complaint.  No depositions have yet been taken.

    **5.**    **Scheduling Order.**

An undated scheduling order needs to be entered.  Bard has asked Lexington to meet and confer with it prior to the conference, and hopes that Bard and Lexington will provide the Court with proposed dates for such an order.

    Respectfully submitted,

    s/Jack L. Kolpen

    Jack L. Kolpen

JLK:bc
cc.    Jeffrey W. Dillon, Esquire
       Richard H. Nicolaides, Esquire
       Jeffrey M. Pollock, Esquire