

Richard H. Nicolaides, Jr.
312-762-3210
rnicolaides@batescarey.com

February 24, 2010

Magistrate Judge Madeline Cox Arleo
Martin Luther King, Jr. Federal Building & U.S. Courthouse   **Filed Electronically**
50 Walnut Street, Court Room MLK 2A
Newark, NJ 07101

   RE: *C.R. Bard, Inc. v. Lexington Ins. Co.*
      Civil Action No. 07–CV–2547

Dear Judge Arleo:

We represent Lexington Insurance Company ("Lexington") in the above insurance coverage action brought by C.R. Bard, Inc. ("Bard"). Pursuant to Your Honor's rules, we are writing to seek leave to file objections to Bard's Motion for Leave to File an Amended Complaint.

By way of background, Bard filed its initial complaint against Lexington on April 23, 2007 seeking coverage related to *Southeast Missouri Hospital v. C.R. Bard, et al.* (the "Southeast Missouri Action"). The complaint was removed to this Court on May 31, 2007. This matter was then stayed on October 23, 2008. The case was reopened on October 21, 2009.

On January 14, 2010, just shy of three years after it filed its initial complaint, Bard filed a Motion for Leave to File an Amended Complaint against Lexington. Attached to the motion was Bard's proposed First Amended Complaint which seeks insurance coverage for a separate action, *Rochester Medical Corporation v. C.R. Bard, Inc.* (the "Rochester Action") under an entirely different policy.

On January 20, 2010, a Text Order was entered providing that any opposition to Bard's Motion for Leave to File an Amended Complaint should be filed by February 8, 2010.

On January 25, 2010, five days after the Court issued its Text Order, Bard filed what it titled "Supplemental Declaration of Jack L. Kolpen" and attached as Exhibit 1 to the Supplemental Declaration a document titled First Amended Complaint. Notwithstanding its title, Exhibit 1 sought to add a new claim, under a new policy against an entirely different party, American International Specialty Lines Insurance Company ("AISLIC") and not against Lexington. As such, Bard should have filed an Amended Motion for Leave to File an Amended Complaint, or a separate action, but certainly not a Supplemental Declaration.



191 North Wacker | Suite 2400 | Chicago | Illinois 60606 | ph 312.762.3100 | fx 312.762.3200 | www.batescarey.com

**Bates & Carey** LLP
Magistrate Judge Madeline Cox Arleo
Page 2

We did not file objections to Bard's filings prior to the initial deadline of February 8, 2010 as we were evaluating whether Bard's Motion for Leave to File an Amended Complaint was appropriate given that Bard seeks to add an entirely new claim, under a separate policy issued by an entirely different company.

For these reasons, Lexington seeks leave to file objections to Bard's Motion for Leave to File an Amended Complaint and Bard's Supplemental Declaration. Lexington's objections to Bard's filings are significant. Lexington objects to Bard seeking to add a new claim for coverage against a newly added defendant after two and a half years, as to an unrelated action, under a separate policy, issued by an entirely different company. Bard's claim for coverage against AISLIC as to the Rochester Action is unrelated to Bard's claim for coverage against Lexington as to the Southeast Missouri Action. The proposed addition of the separate claim against AISLIC threatens to unduly delay resolution of the claim against Lexington.

In addition, the initial deadline to amend pleadings in this matter was June 2008 prior to the date the lawsuit was stayed. Bard certainly could have amended its initial complaint at that time as it had settled the Rochester Action in December 2006. Lexington's objections will demonstrate that Bard's proposed Motion for Leave to File an Amended Complaint should not be granted.

Based on the above, Lexington seeks leave to file objections to Bard's Motion for Leave to File an Amended Complaint and Supplemental Declaration.

Very truly yours,

Richard H. Nicolaides, Jr.

cc:   Counsel of Record

333569